IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Michael Pruitt,  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>Life Line Billing Systems, LLC,  )<br>  )<br>  Defendant.  )<br>  ) | Civil Action File No.:<br><br>**COMPLAINT WITH**<br>**JURY TRIAL DEMAND** |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* and for violations of the Georgia Fair Business Practices Act (GFBPA), O.C.G.A. 10-1-390 *et seq.*

## PARTIES

1. Plaintiff, Michael Pruitt, is a natural person who resides in Floyd County, Georgia.

2. Defendant, Life Line Billing Systems, LLC, is a limited liability company formed under the laws of the State of Delaware and registered to do

1

business in Georgia. Defendant may be served with process via its registered agent, C T Corporation System, 289 South Culver Street, Lawrenceville, GA 30046.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the Defendant maintains a registered agent in Gwinnett County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of a ambulance service in 2017 and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Defendant had placed negative account information on Plaintiff's credit report.

13. In August of 2020, Plaintiff called Defendant in response to the credit reporting information.

14. Plaintiff is disabled and unable to work.

15. Plaintiff attempted to get his financial affairs in order by calling his creditors and seeking information on the accounts so that he could prioritize payments and attempt to regain control of his finances.

16. When Plaintiff identified himself on the phone call, the Defendant's representative told Plaintiff the account was for an ambulance service in 2017.

17. During the call, Plaintiff asked Defendant how long the accounts would stay on his credit report.

18. Defendant told Plaintiff the account would stay on his credit report until it was paid off.

19. Credit reporting by the Defendant is governed by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the FCRA).

20. The FCRA mandates that consumer credit information may be reported for only seven (7) years from the date of first delinquency. 15 U.S.C. § 1681c(a)(4).

21. Defendant's statement that Plaintiff would have to pay the full balance of the account for the account to be deleted from Plaintiff's credit report was a false, deceptive, and misleading communication which implied that the account would stay longer than the seven years allowed by the FCRA.

22. Defendant's statement was a threat to report credit information longer than the seven years allowed by the FCRA.

23. Plaintiff suffered anxiety and worry that the debt would stay on his credit report until he paid it off.

24. During the phone call, Plaintiff advised Defendant that he could not receive phone calls between 8:30 a.m. and 5:00 p.m. because he was taking medication and would be under the influence of the medication during that time period.

25. Plaintiff did seek to bar the Defendant from calling him at any hour otherwise permitted by law; for example, between 5:00 p.m. and 9:00 p.m.

26. Defendant received his request and told Plaintiff to "just ignore" the phone calls he would receive because Defendant used an automatic dialer and could not honor his request to not receive phone calls

27. Defendant's statement that it was unable to honor Plaintiff's request to not receive phone calls was a false, deceptive, and misleading communication which implied that Defendant was going to continue phone calls to Plaintiff which Defendant did not have the legal right to make.

28. Also during the phone call, Defendant stated that Plaintiff's account was accruing interest and would continue to accrue interest until the account was paid in full.

29. Plaintiff never entered into an agreement which authorized interest on the account.

30. Defendant was attempting to collect interest fees which were not authorized by any agreement.

31. Defendant's attempt to collect unauthorized interest was a false and misleading statement about the amount of the debt and an unconscionable attempt to collect an amount which was not authorized.

32. Defendant suffered anxiety and worry that he would continue to accrue interest on this debt and it would continue to report on his credit report until it was paid.

33. Defendant sought the advice of counsel in response to these statements by Defendant.

## **INJURIES-IN-FACT**

34. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

35. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which

creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

36. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

37. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

38. Defendants acts and omissions caused particularized harm to the Plaintiff in that he was suffered worry and anxiety and took time to discuss his debt with counsel in response to the false statements.

39. Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing

## **DAMAGES**

40. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.) Anxiety and worry due to concerns about how long this debt would stay on his credit report, how much interest would accrue, and that he might receive phone calls at an inconvenient time.

## **CAUSES OF ACTION**

## **COUNT I**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692 *et seq.***

41. Plaintiff incorporates by reference paragraphs 1 through 40 as though fully stated herein.

*Violations of 15 U.SC. § 1692c and subparts*

42. A debt collector may not, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

43. Defendant had direct and actual knowledge that the Plaintiff could not receive calls at the stated times.

44. Defendant's threat to continue calls after receiving revocation from Plaintiff as described herein violated 15 U.S.C. § 1692c(a)(1).

### *Violations of 15 U.SC. § 1692e and its subparts*

45. 15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

46. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

47. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010).

48. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l*

*Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

49. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

50. Defendant's statement that the account would not be deleted from Plaintiff's credit report until the debt had been paid off was a false, deceptive, and misleading communication made attempting to collect a debt.

51. Defendant's statements were misleading about how long the account could stay on Plaintiff's credit report, and was also a threat to leave the account on Plaintiff's credit report for longer than such period as allowed by law.

52. Defendant's attempts to charge interest which was not authorized on the debt was deceptive and misleading.

53. Defendant's communications were in violation of 15 U.S.C. §§ 1692e, e(2)(A), e(5), e(8), and e(10) among others.

***Violations of 15 U.SC. § 1692f and its subparts***

54. The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon perceived weaknesses/fear/lack of sophistication of the Plaintiff.

55. Defendant's attempts to collect interest unauthorized by the agreement which created the debt were unfair and unconscionable.

56. Defendant's behavior violated 15 U.S.C. § 1692f and f(1).

57. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, *et seq.*

58. Plaintiff incorporates by reference paragraphs 1 through 57 as though fully stated herein.

59. O.C.G.A. § 10-1-390 *et seq.* is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

60. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

61. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

62. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

63. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

64. Defendant's conduct has implications for the consuming public in general.

65. Defendant's conduct negatively impacts the consumer marketplace.

66. Collecting a debt incurred during a consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly falls within the parameters of the GFBPA. Thus, a violation of the FDCPA constitutes a violation of the GFBPA. *See 1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

67. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

68. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

69. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

70. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

71. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

72. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.)     Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d);

and

f.)     Such other and further relief as may be just and proper.

Respectfully submitted this 10th day of September, 2020.

                              **BERRY & ASSOCIATES**
                           */s/ Matthew T. Berry*
                           Matthew T. Berry
                           Georgia Bar No.: 055663
                           *matt@mattberry.com*
                           2751 Buford Highway, Suite 600
                           Atlanta, GA 30324
                           Ph. (404) 235-3300
                           Fax (404) 235-3333

                           */s/ Chris Armor*
                           Christopher N. Armor
                           Georgia Bar No. 614061
                           P.O. Box 451328
                           Atlanta, GA 31145
                           Phone 470-990-2568
                           Fax 404-592-6102
                           *chris.armor@armorlaw.com*
                           Plaintiff's Attorneys